1  LARRY M. GOLUB (SBN 110545)
   lgolub@mail.hinshawlaw.com
2  PAUL RODRIGUEZ (SBN 307139)
   prodriguez@mail.hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   633 West 5th Street, 47th Floor
4  Los Angeles, CA 90071-2043
   Telephone:  213-680-2800
5  Facsimile:  213-614-7399

6  Attorneys for Plaintiff Maxum Indemnity Company

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  MAXUM INDEMNITY COMPANY, a          Case No. 2:16 CV-05907
    Corporation,
12
                                        **COMPLAINT FOR**
13              Plaintiff,              **DECLARATORY RELIEF**

14       vs.

15  LONG BEACH ESCROW
    CORPORATION, a Corporation; JOYCE
16  CLARK, an Individual, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF
36161751v1 0983691

Plaintiff Maxum Indemnity Company ("Maxum"), for its Complaint against Defendants Long Beach Escrow Corporation ("Long Beach Escrow") and Joyce Clark ("Clark") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     This is an action to determine Maxum's rights and obligations under its Professional Liability Coverage Form (Non-Medical) policy, No. PFP-6015404-05, which was issued to Long Beach Escrow for the period from April 23, 2015 to April 23, 2016 (the "Policy").  Maxum is currently defending the named insured, Long Beach Escrow, and its officer and employee Clark, under the Policy and subject to a reservation of rights, in the pending underlying negligence and breach of fiduciary duty action entitled *Keely Partners, LP. v. Long Beach Escrow Corporation d/b/a Long Beach Trading Company, Joyce Clark and Does 1 through 50,* filed in Los Angeles County Superior Court, Case No. NC060577 ("the Keely Partners Action"). Maxum seeks a determination of coverage with respect to any duty to indemnify Long Beach Escrow and Clark if they are found liable for the injuries alleged in the Keely Partners Action.

2.     Maxum submits that an exclusion applies with respect to both claims alleged against Long Beach Escrow and Clark, precluding coverage under the Policy, and that a second exclusion also applies to the breach of fiduciary duty claim alleged in the Keely Partners Action.

## JURISDICTION AND VENUE

3.     **Jurisdiction.** This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) in that the parties to this action are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     **Venue.** Venue is proper in the Central District of California, pursuant to 28 U.S.C. Section 1391(b)(1), in that Defendant Long Beach Escrow has its

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

principal place of business in Long Beach, California and, upon information and belief, Defendant Clark is a resident of Long Beach, California, and are both located within the Central District.

## PARTIES

5.  **Maxum.**  Plaintiff Maxum Indemnity Company is, and at all times relevant times was, an insurance company and corporation organized and existing under the laws of Delaware with its principal place of business in Alpharetta, Georgia.  Maxum operates as a surplus lines insurance company in the State of California and is listed on the California Department of Insurance's List of Approved Surplus Line Insurers.  Accordingly, Maxum is a citizen of Delaware and Georgia within the meaning of 28 U.S.C. § 1332.

6.  **Long Beach Escrow.**  Upon information and belief, Defendant Long Beach Escrow Corporation's principal place of business is in Long Beach, California, and is, therefore, a citizen of California within the meaning of 28 U.S.C. § 1332.

7.  **Joyce Clark.**  Upon information and belief, Defendant Joyce Clark is a citizen of the State of California and a resident of Long Beach, California within the meaning of 28 U.S.C. § 1332.

## FACTUAL BACKGROUND
### The Misappropriation and Conversion of Keely Partners' Funds

8.  According to the Complaint in the Keely Partners Action, Keely Partners is a limited partnership which conducts frequent real estate transactions, and George Pappas is the managing partner of ECG, LLC, which is the general partner of Keely Partners.  In or about 2010, Keely Partners retained Long Beach Escrow and Clark to serve as "accommodators" for funds involved in its real estate business transactions, in which they would temporarily hold Kelly Partners' funds

2

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF
36161751v1 0983691

1  until those funds could be transferred and applied to the corresponding real estate

2  transaction.  The Complaint alleges that the "purpose behind this intermediate step

3  is so the accommodator's customer may avoid various tax implications related to its

4  taking possession of the funds."

5          9.     The Complaint then alleges that "[s]ometime in early 2016, the email

6  service/address for Mr. Pappas was hacked into and taken control of by unidentified

7  individuals or entities," and Keely Partners understands that the hackers sent an

8  email to Long Beach Escrow and Clark requesting three withdrawals from Keely

9  Partners' account totaling over $250,000 and providing information for a new bank

10  account into which the funds would be transferred.  The Complaint also alleges that

11  the emails indicated that "Mr. Pappas was unavailable to confirm the transaction by

12  phone for several weeks."  The Complaint then alleges that Long Beach Escrow and

13  Clark "did not take any action or steps to verify the validity of the instructions

14  received in clear violation of industry standards."

15         10.    Keely Partners' Complaint further alleges that, in response to the

16  hackers' email, Long Beach Escrow and Clark "wired over $250,000 to the hackers'

17  account without communicating directly with Plaintiff or any of its agents,

18  specifically Mr. Pappas, by telephone or by facsimile," and that it "is standard

19  industry practice to use two different communication forums (e.g., email and

20  telephone) when confirming transaction requests."  Keely Partners further alleges

21  that in "wiring the funds to the hackers' account without first authenticating and

22  verifying the transaction or the new account information, and without first

23  personally speaking to an agent for" Keely Partners, Long Beach Escrow and Clark

24  "failed to follow their own established protocol for wire transfers as well as the

25  custom and practice in industry before wiring the money."  The Complaint alleges

26  that Keely Partners "has not recovered any of the funds stolen from its account."

27

28

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF
36161751v1 0983691

### The Filing of the Keely Partners Action and

### Maxum's Defense of Long Beach Escrow and Clark

11.    On April 11, 2016, Keely Partners filed the Complaint in the Keely Partners Action, seeking damages against Long Beach Escrow and Clark for the theft of the escrow funds in an amount in excess of $250,000.  Keely Partners has alleged claims of negligence and breach of fiduciary duty against both Long Beach Escrow and Clark.

12.    The first cause of action for negligence alleges that Long Beach Escrow and Clark breached their duty to Keely Partners "by failing to follow its own protocol as well as industry standards for wire transfers, specifically by transferring [Keely Partners'] funds to a new bank account without first verifying the request or the new account information, and without requiring a verbal conversation with a representative for [Keely Partners] (as opposed to simply email)."  Keely Partners then alleges that such breach caused it "to lose funds from its account via theft because the required safeguards were not in place."  Under that negligence cause of action, Keely Partners claims the following damages:  the over $250,000 in funds stolen, potential penalties for failure to perform on specific previously agreed-to contractual transactions, potential contract damages related to failure to perform, and significant capital gains liability because a tax-free exchange was no longer possible once the funds were stolen.

13.    The second cause of action for breach of fiduciary duty realleges the prior allegations from the negligence and additionally alleges that a "fiduciary relationship existed" between Keely Partners and Long Beach Escrow/Clark because they "offered services as an accommodator" and Keely Partners "accepted and paid for the same."  The damages claimed under this cause of action include the amount of the funds stolen, penalties caused by the breach of fiduciary duty and associated opportunity costs.

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF
36161751v1 0983691

14.   Long Beach Escrow and Clark tendered their defense of the Keely Partners Action to Maxum on April 19, 2016.  On May 6, 2016, Maxum agreed to defend both Long Beach Escrow and Clark under a reservation of rights and it appointed defense counsel to defend them.   Maxum advised both Long Beach Escrow and Clark in Maxum's reservation of rights letter that it reserved the right to file this action for declaratory relief to obtain a determination as to whether it was obligated to provide indemnity for the Keely Partners Action and then orderly withdraw from the defense of such action.

### The Maxum Policy

15.   Maxum's professional liability policy, No. PFP-6015404-05 (attached as "Exhibit A"), which was in effect at the time of the misappropriation and theft of Keely Partners' funds, has a policy limit of $1 million each claim and $1,000,000 in the aggregate.

16.   The Insuring Agreement in the Policy provides in relevant part as follows:

> We will pay those sums that an "insured" becomes legally obligated to pay as "damages" because of a "wrongful act" in the rendering of or failure to render "professional services" by any "insured" or by any person for whose "wrongful acts" an "insured" is legally responsible for.  We will have the right and duty to defend any "insured" against any "suit" seeking those "damages".

17.   For purposes of the Keely Partners Action, the Policy contains two relevant exclusions.   First, the Endorsement entitled Title Abstractors, Title Insurance Agents, Settlement, Escrow and Closing Agents Additional Exclusions, provides the following exclusion:

> This insurance does not apply to nor shall we have the duty to defend or indemnify any "claim" or "suit" arising out of or resulting from:

5

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

3.  Any damages arising out of the commingling, conversion, misappropriation or defalcation of funds or other property (the "Funds Exclusion").

18.  Second, in the basic policy form, the following exclusion is set forth: This insurance does not apply to:

**Q.** Any "claim" arising out of or resulting from any "insured's" fiduciary duty, responsibility or obligation (the "Fiduciary Duty Exclusion").

19.  Based on the allegations of the Complaint in the Keely Partners Action, and its investigation of the facts of the underlying claim, Maxum believes that no coverage exists under the Policy since the claim alleged against Long Beach Escrow and Clark in the Keely Partners Action arises out of the conversion or misappropriation of funds and thus the Funds Exclusion applies to preclude coverage for such claim.  In addition, with respect the second cause of action for breach of fiduciary duty, this claim is precluded by the express Fiduciary Duty Exclusion, which excludes coverage for any claim arising out of or resulting from Long Beach Escrow and Clark's fiduciary duty, responsibility or obligation.

## FIRST CLAIM FOR DECLARATORY RELIEF

### (The Funds Exclusion Applies to Preclude Coverage

### for the Keely Partners Action)

### (Against All Defendants)

20.  Maxum hereby incorporates by reference, as though fully set forth herein, the allegations in paragraphs 1 through 19, inclusive.

21.  An actual controversy has arisen and now exists between Maxum and Defendants concerning their respective rights and duties under the Policy as described herein.  This Court is authorized and empowered to declare and adjudicate

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

22. Maxum contends that the Funds Exclusion applies to preclude coverage under the Policy for both claims alleged against Long Beach Escrow and Clark in the Keely Partners Action because both claims arise out of the conversion or misappropriation of funds.

23. Maxum is informed and believes and based thereon alleges that Long Beach Escrow and Clark dispute Maxum's contention.

24. Maxum requests a judicial determination of the rights and obligations of each of the parties to this action with respect to the terms of the Maxum Policy.

25. A judicial determination is necessary, appropriate, and desirable at this time so that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

## SECOND CLAIM FOR DECLARATORY RELIEF

**(The Fiduciary Duty Exclusion Applies to Preclude Coverage**

**for the Breach of Fiduciary Duty Claim in the Keely Partners Action)**

**(Against All Defendants)**

26. Maxum hereby incorporates by reference, as though fully set forth herein, the allegations in paragraphs 1 through 19, inclusive.

27. An actual controversy has arisen and now exists between Maxum and Defendants concerning their respective rights and duties under the Policy as described herein. This Court is authorized and empowered to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

28. Maxum contends that the Fiduciary Duty Exclusion, which excludes coverage for any claim arising out of or resulting from Long Beach Escrow and Clark's fiduciary duty, responsibility or obligation, precludes coverage under the

7

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF

36161751v1 0983691

Policy with respect to the second cause of action for breach of fiduciary duty in the Keely Partners Action.

29.     Maxum is informed and believes and based thereon alleges that Long Beach Escrow and Clark dispute Maxum's contention.

30.     Maxum requests a judicial determination of the rights and obligations of each of the parties to this action with respect to the terms of the Maxum Policy.

31.     A judicial determination is necessary, appropriate, and desirable at this time in order that each of the parties may ascertain their respective rights and duties under the Policy as to one another and may conduct themselves accordingly now and in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Maxum prays for judgment as follows:

1.     For a declaratory judgment of this Court with respect to the Maxum Policy, decreeing the rights, duties and obligations of the parties consistent with Maxum's contentions as set forth above;

2.     That, if Maxum is found not to have any coverage obligations to Long Beach Escrow and Clark, it may withdraw from their defense in the Keely Partners Action;

3.     That Maxum be awarded its costs of suit herein;

4.     For such other and further relief as the Court may deem proper and just.

DATED:  August 8, 2016                    HINSHAW & CULBERTSON LLP

By: /s/ Larry M. Golub
LARRY M. GOLUB
PAUL RODRIGUEZ
Attorneys for Plaintiff
Maxum Indemnity Company

INSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

COMPLAINT FOR DECLARATORY RELIEF
36161751v1 0983691